ACCEPTED
06-15-00151-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/4/2015 10:01:44 AM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

12/4/2015 10:01:44 AM

DEBBIE AUTREY
Clerk

| | | |
|---|---|---|
| **EVENDER GENE JACKSON, JR.** APPELLANT | § § § | |
| v. | § | **No. 06-15-00151-CR** |
| | § | |
| **THE STATE OF TEXAS,** APPELLEE | § § § | |

---

## STATE'S REPLY BRIEF

---

FROM THE 196TH DISTRICT COURT
HUNT COUNTY, TEXAS
TRIAL CAUSE NUMBER 30,536
THE HONORABLE ANDREW BENCH, JUDGE PRESIDING

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**G CALVIN GROGAN V**
Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
(903) 408-4180
FAX (903) 408-4296
cgrogan@huntcounty.net
State Bar No. 24050695

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................2

TABLE OF AUTHORITIES...........................................................................3

STATEMENT OF CASE...............................................................................6

ISSUES PRESENTED....................................................................................6

SUMMARY OF THE STATE'S ARGUMENTS....................................... 6

STATEMENT OF FACTS ........................................................................... 7

STATE'S RESPONSE TO POINT OF ERROR ONE .......................................9

    STANDARD OF REVIEW...............................................................9

    EDDIE DEAN'S ACCOMPLICE TESTIMONY ...........................11

    NON-ACCOMPLICE CORROBORATING EVIDENCE..............12

    HARMLESS ERROR .......................................................................13

STATE'S RESPONSE TO POINT OF ERROR TWO ....................................14

    STANDARD OF REVIEW...............................................................14

    TRIAL COUNSEL'S SOUND STRATEGY ....................................15

STATE'S RESPONSE TO POINT OF ERROR THREE ..................................18

    STANDARD OF REVIEW...............................................................18

    EVIDENCE LEGALLY SUFFICIENT TO PROVE AG ROBBERY ...........19

PRAYER........................................................................................................20

CERTIFICATE OF SERVICE.....................................................................21

# INDEX OF AUTHORITIES

Federal Cases
*Jackson v. Virginia,* 443 U.S. 308 (1979) ............................................................................ 18
*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984) .......................................... 15

Texas Cases
*Aldrich v. State,* 104 S.W.3d 890, 896 (Tex. Crim. App. 2003) .......................................... 17
*Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) ......................................... 11
*Baylor v. State,* 208 S.W.2d 558 (Tex. Crim. App. 1948) .................................................... 14
*Brooks v. State,* 580 S.W.2d 825, 831 (Tex. Crim. App. 1979) ........................................... 19
*Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) ........................................... 18
*Cordova v. State,* 698 S.W.2d 107, 111 (Tex. Crim. App. 1985) ......................................... 19
*Cocke v. State,* 201 S.W.3d 744, 747 (Tex. Crim. App. 2006) ............................................. 10
*Druery v. State,* 225 S.W.3d 491, 498 (Tex. Crim. App. 2007) ............................................ 10
*Gamez v. State,* 737 S.W.2d 315, 322 (Tex. Crim. App. 1987) ............................................ 10
*Geesa v. State,* 820 S.W.2d 154, 158 (Tex. Crim. App. 1991) ............................................. 18
*Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ..................................... 17
*Hall v. State,* 161 S.W.3d 142, 149–150 (Tex. App.—Texarkana 2005, pet.
ref'd) ..................................................................................................................... 12,13,18
*Hall v. State,* 937 S.W.2d 580, 586 (Tex. App. – Texarkana 1996, pet. ref'd).... 12
*Hernandez v. State,* 726 S.W.2d 53 (Tex. Crim. App. 1986) ............................................... 15
*Herron v. State,* 86 S.W.3d 621, 631 (Tex. Crim. App. 2002) ....................................... 11-14
*Malik v. State,* 953, S.W.2d 234, 240 (Tex. Crim. App. 1997) ........................................... 18
*Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) ................................................ 17
*Ransom v. State,* 920 S.W.2d 288, 302 (Tex. Crim. App. 1994) ......................................... 19
*Saunders v. State,* 817 S.W.2d 688, 692 (Tex. Crim. App. 1991) ................................... 13,14
*Swearingen v. State,* 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) ....................................... 18
*Thompson v. State,* 9 S.W. 3d 808, 813 (Tex. Crim. App. 1999) ......................................... 17
*Zepeda v. State,* 819 S.W.2d 874, 876 (Tex. Crim. App. 1991, en banc) ............................ 15

U.S. Const., Texas Const., Texas Rules of Evidence
TEX. PENAL CODE Sec. 1.07 (Vernon 2014) ....................................................................... 14
TEX. PENAL CODE SEC. 7.02(A)-(B) (Vernon 2014) .......................................................... 18
TEX. PEN. CODE Sec. 29.03(a)(2) (Vernon 2014) ............................................................... 19
TEX. CODE CRIM. PROC. Art. 38.14 (Vernon 2014) ........................................................... 10

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

| | | |
|---|---|---|
| **EVENDER GENE JACKSON, JR.** | § | |
| APPELLANT | § | |
| | § | |
| v. | § | **No. 06-15-00151-CR** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| APPELLEE | § | |

---

## STATE'S REPLY BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the State of Texas, Appellee, in this appeal from Cause No. 30,536 in the 196th District Court in and for Hunt County, Texas, Honorable Andrew Bench, Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Sixth District Court of Appeals in support of the judgment of conviction and sentence in the court below.

## STATEMENT OF CASE

Appellant was indicted on June 26, 2015, for Aggravated Robbery. CR Vol.1.p.14. Appellant was arraigned on July 10, 2015. CR Vol.1.p.13.

A jury found Appellant guilty as charged on August 12, 2015, and assessed his punishment at fifty (50) years in the Texas Department of Corrections. CR Vol.1.pp.77, 84. Appellant gave written notice of appeal on August 14, 2015. CR Vol.1.p.97.

## ISSUES PRESENTED

**Issue 1. Did Trial Court commit error by not including an accomplice witness instruction in the jury charge, and if so was it harmless error based upon all the other non-accomplice evidence?**

**Issue 2. Was Trial Counsel ineffective for failing to request an accomplice witness instruction in the jury charge?**

**Issue 3. Was the evidence legally sufficient to prove Appellant was guilty beyond a reasonable doubt of Aggravated Robbery?**

## SUMMARY OF THE ARGUMENT

1. While an accomplice witness instruction should have been included in the jury instruction since Eddie Dean was an accomplice as a matter-of-law, it was harmless error based upon all of the other non-accomplice corroborating evidence presented by the State.

2. Although Trial Counsel failed to request a jury instruction for accomplice witness testimony, a single instance does not show that Trial Counsel's performance was deficient, and it did not affect the final outcome.

3. The victim's testimony alone was legally sufficient to prove Appellant committed Aggravated Robbery beyond a reasonable doubt.

## STATEMENT OF FACTS

On June 15, 2015, Spencer Sweeden had finished working his night shift at the local Taco Bell and decided to walk over to a friend's apartment to play video games. RR Vol.3.pp.27, 29. After playing video games, Spencer decided to walk home to his apartment. RR Vol.3.p.29. At some point during the walk home, Spencer noticed two African-American men coming towards him in the street. RR Vol.3.pp.29, 32. Spencer had already noticed one of the suspects because he was on a bicycle a few blocks before. RR Vol.3.p.31. Spencer was able to describe the other suspect's clothing: wearing basketballs shorts and a t-shirt. RR Vol.3.pp.32, 39. Spencer also said the other suspect had corn rolls in his hair. RR Vol.3.pp.39, 114.

As the two suspects approached Spencer, they began to make threatening comments. RR Vol.3.p.33. Both suspects then proceeded to "rush" Spencer, with the Appellant doing the beating and the other suspect

holding a sawed-off shotgun. RR Vol.3.p.34. As the assault continued, Appellant kept asking Spencer for his personal property. RR Vol.3.p.35. Eventually the suspects released Spencer, and he took off. RR Vol.3.p.37. Appellant took Spencer's wallet, keys, hat, and a CO2 pistol. RR Vol.3.p.35.

When Spencer got home, he called 911. RR Vol.3.p.38. Once Commerce Police quickly responded to Spencer's home, he provided descriptions of both suspects. RR Vol.3.p.38. Spencer described Appellant's clothing as a black vest with lots of pockets. RR Vol.3.pp.38, 95. Spencer also described the Appellant as being shorter than the suspect with corn rolls in his hair. RR Vol.3.pp.39, 97.

Commerce Police Officer Tyler Oakley met a very traumatized Spencer at his home to obtain suspect identification information. RR Vol.3.pp.73, 90. Spencer told Officer Oakley that one of the suspects was a black male riding a bicycle wearing a vest, and provided the direction he last saw the suspects. RR Vol.3.p.73. Within two minutes of speaking with Spencer, Commerce Police Officers had detained a person matching the Appellant's description a few blocks away. RR Vol.3.pp.76, 92, 95.

Sergeant Marcus Cantera had seen an individual riding a bicycle as he was patrolling the area. RR Vol.3.pp.109-10. As Sgt. Cantera gave pursuit, he came upon that same individual standing next to the bicycle in a

7

driveway. RR Vol.3.p.110. That person was later identified by Commerce Police as the Appellant. RR Vol.3.p.90. Within arms-length distance of where the Appellant was initially detained were most of Spencer's personal property items, including his photo identification. RR Vol.3.pp.77, 93, 110. Also within arms-length of Appellant was a bicycle and a vest. RR Vol.3.pp.78, 93. Officer Oakley arrested Appellant and transported him to the station. RR Vol.3.pp.71, 94. While waiting to be transported, Appellant started talking to himself repeatedly. *See* State Exhibit No. 7.

Spencer recovered most of his personal property at the Commerce Police Department later that morning while providing a written affidavit. RR Vol.3.pp.36, 39. A few days later Spencer went up to the Commerce Police Department and participated in photo lineups of possible suspects. RR Vol.3.p.40. Not only did Spencer identify both suspects in the photo lineups, but he also testified in court that the Appellant was the suspect riding the bicycle. RR Vol.3.p.41.

## ARGUMENT

### 1. Accomplice Witness Testimony

#### a. Standard of Review

A conviction cannot stand on an accomplice witness's testimony unless the testimony is corroborated by other, non-accomplice evidence that tends to connect the accused to the offense. TEX. CODE CRIM. PROC. Art. 38.14 (Vernon 2014). An accomplice is a person who participates in the offense before, during, or after its commission with the requisite mental state. *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). A State's witness may be an accomplice as a matter of law or as a matter of fact. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006). A witness who is indicted for the same offense as the accused is an accomplice as a matter of law. *Id.* At 748. When the evidence clearly shows that a witness is an accomplice as a matter of law, the trial judge must instruct the jury accordingly. *Gamez v. State*, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987). Failure to provide such a charge is error. *Id.*

The State concedes that Eddie Dean was an accomplice as a matter of law, and that a jury instruction on accomplice witness testimony was not included in the charge. Trial Counsel did not object to the jury charge. RR Vol.3.p.126.

If a required accomplice witness instruction is omitted, and Appellant did not object to the charge or request submission of the instruction, then the appellate court looks at the record to determine if the error caused egregious

9

harm. *Herron v. State*, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002);

*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on

reh'g).

> Under the egregious harm standard, the omission of an
> accomplice witness instruction is generally harmless unless the
> corroborating (non-accomplice) evidence is 'so unconvincing in
> fact as to render the State's overall case for conviction clearly
> and significantly less persuasive.

*Herron*, 86 S.W.3d at 632.

### b. Eddie Dean's Testimony

Eddie Dean stood charged with committing the same crime as the

Defendant. RR Vol.3.p.50. Eddie, a convicted felon, testified that both

Appellant and he had committed this crime and identified the Appellant in

open court. RR Vol.3.pp.50, 58. Eddie and the Appellant had known each

other for quite some time, but had become really close in last few months.

RR Vol.3.p.57. Prior to the aggravated robbery, Appellant and Eddie had a

conversation about "jacking somebody." RR Vol.3.pp.52-3. Eddie testified

that Appellant confronted Spencer in the front of his driveway before he

came and joined the confrontation. RR Vol.3.p.55. Eddie testified that

Appellant started robbing Spencer before he arrived. RR Vol.3.p.64. Eddie

admitting to robbing Spencer on the night of June 15, 2015. RR Vol.3.p.51.

Eddie admitted he was the suspect holding the shotgun during the robbery,

10

while Appellant did the actual stealing and beating. RR Vol.3.pp.51-2.

Eddie also claimed that Appellant did not know he went to his house to grab the shotgun during the robbery. RR Vol.3.p.62.

### c. Non-Accomplice Evidence

In determining the sufficiency of corroborating evidence, the court eliminates the testimony of the accomplice witness and examines all other evidence and testimony looking for the reliability and believability as well as the tendency to connect Appellant to the crime. *Hall v. State*, 161 S.W.3d 142, 149–150 (Tex. App.—Texarkana 2005, pet. ref'd). To determine reliability, the courts look to see if there is non-accomplice evidence, and if there is no rational and articulable basis for disregarding the non-accomplice evidence. *Herron*, 86 S.W.3d at 633. Thus, non-accomplice evidence can render harmless a failure to submit an accomplice witness instruction. *Id.* at 632. "If the evidence clearly warrants conviction independent of the accomplice testimony, the court's failure to instruct on the law of accomplice testimony is not reversible error." *Hall v. State*, 937 S.W.2d 580, 586 (Tex. App. – Texarkana 1996, pet. ref'd).

Spencer's testimony alone proved all of the elements of aggravated robbery beyond a reasonable doubt. Spencer identified the Appellant as the suspect who assaulted him while taking his personal property. RR

11

Vol.3.p.35. Spencer testified that both the Appellant and Eddie came towards him in the street, and Eddie was holding a shotgun. RR Vol.3.p.34.

There is no rational and articulable basis for disregarding Spencer's testimony that linked Appellant to the crime. Unlike *Hall* and *Saunders*, where the State's evidence was largely based upon weak circumstantial evidence, there was direct evidence from the eyewitness/victim that identified Appellant as a suspect. *Cf Hall*, 161 S.W.3d at 150; *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991).

Besides Spencer's testimony, there was other very strong non-accomplice evidence. Appellant was initially detained arms-length distance from Spencer's personal property that had just been stolen two minutes earlier. RR Vol.3.pp.77, 93, 110. There is no reason to doubt the reliability of this non-accomplice evidence that connected Appellant to the crime. *See Herron*, 86 S.W.3d at 633.

### d. Harmless Error Analysis

Omission of an unrequested jury instruction applicable to the case calls for a new trial only when the defendant was greatly disadvantaged thereby. *Saunders*, 817 S.W.2d at 692. It is reversible error when the State's case for conviction clearly and significantly less persuasive had they been properly instructed. *Id*. At 693.

Instead of being disadvantaged by Eddie's testimony, the Appellant was helped by his testimony. On the issue of Appellant's criminal intent, Eddie may have possibly confused the jury. Although Appellant was charged as a party to the offense, Eddie attempted to create a separate criminal intent requirement for the use of a deadly weapon when the law did not require it. *See Baylor v. State*, 208 S.W.2d 558 (Tex. Crim. App. 1948). A firearm such as a shotgun is considered a deadly weapon *per se* and there is no separate criminal intent requirement. *Id.;* TEX. PENAL CODE Sec. 1.07 (Vernon 2014). Eddie's testimony that Appellant never knew he had a shotgun during the robbery was helpful.

The State's case relied exclusively upon non-accomplice evidence. Under an egregious harm analysis, this non-accomplice evidence was not "so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Herron*, 86 S.W.3d at 632.

## 2. Trial Counsel's Performance was not Deficient under Strickland Standard

### a. Standard of Review

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. The court should recognize that counsel is

13

strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."

*Strickland v. Washington*, 104 S.Ct. 2052, 2065 (1984).

"The defendant must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 104 S.Ct. at 2068. Texas has adopted the Strickland standard. *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). Counsel must make errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. *Zepeda v. State*, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991, en banc).

### b. Sound Trial Strategy to Have Jury Focus on Eddie's Testimony

There may have been a sound trial strategy for not requesting an accomplice witness jury instruction – Eddie Dean's testimony was very helpful to the Appellant on one crucial element. Eddie testified that the Appellant never knew he grabbed a shotgun during the course of the robbery. RR Vol.3.p.64. To highlight for the jury Eddie's credibility issues may have undermined Trial Counsel's ability to argue that if his client was guilty, he was only guilty of robbery based upon Eddie's testimony. RR

14

Vol.3.pp.144-47. Indeed, in Trial Counsel's closing argument he stressed that his client if guilty, is only guilty of robbery. RR Vol.3.p.144.

Eddie Dean's testimony was only supposed to strengthen the State's case, even though the State had no way of preparing for his testimony since he had neither provided an interview or affidavit before arriving in court on the day of trial. See RR Vol.3.p.61. Instead, Eddie's testimony gave hope to the Appellant. In its closing argument, the State tried to minimize Eddie Dean's testimony. RR Vol.3.p.142. The State emphasized in closing arguments that the jury, as factfinder, could decide Eddie was only credible in part of his testimony, and not credible in other parts. RR Vol.3.p.142.

Trial Counsel's strategy also involved impeaching Spencer with inconsistent statements, and to show that he was the initial aggressor because he was carrying a CO2 pistol on him that night. RR Vol.3.p.144. Trial Counsel attacked Spencer's credibility by suggesting he knew how easy it was to make a complaint in person at the Commerce Police Station. RR Vol.3.p.144.

Based upon Trial Counsel's strategy, his performance cannot be called deficient. Normally, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's

15

conduct was reasonable and professional. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). "Appellate courts can rarely decide the issue of ineffective assistance of counsel because the record almost never speaks to the strategic reasons trial counsel may have considered." *Aldrich v. State,* 104 S.W.3d 890, 896 (Tex. Crim. App. 2003). The proper procedure for raising this claim is therefore almost always habeas corpus. *Id.* at 896

### c. Confidence in Outcome Not Undermined

For the same reasons as discussed *supra*, Trial Counsel's jury charge omission did not undermine confidence in the outcome. *See* Section 1.d. Any allegation of ineffectiveness of counsel must be firmly founded in the record. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). The Appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Based upon a single instance found in the record that may have actually helped Appellant and been part of sound trial strategy, he has failed to meet his burden of proof.

## 3. Evidence Was Legally Sufficient

### a. Standard of Review

16

When reviewing legal sufficiency of the evidence, the Courts review all the evidence in a light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Jackson v. Virginia*, 443 U.S. 307, 319 (1987). The standard of review is the same for both direct evidence and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991). "While each piece of evidence lacked strength in isolation, the consistency of the evidence and the reasonable inferences drawn therefrom, provide the girders to strengthen the evidence and support a rational jury's finding the elements beyond a reasonable doubt." *Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). Although the accomplice witness instruction was omitted, legal sufficiency review is based upon the hypothetically correct jury charge. *Hall*, 161 S.W.3d at 148 *citing Malik v. State*, 953, S.W.2d 234, 240 (Tex. Crim. App. 1997).

A person may be convicted as a party to an offense if the offense is committed by his own conduct or by the conduct of another for which he is criminally responsible. TEX. PENAL CODE SEC. 7.02 (Vernon 2014). The evidence will be held legally sufficient under the law of parties where the defendant is physically present at the commission of the offense and

encourages its commission by words or other agreement. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994); *Cordova v. State*, 977 S.W.2d 791, 791 (Tex. Crim. App. 1985). For a conviction to be upheld, the evidence must show at the time of the offense, the parties were acting together, each contributing some part towards the execution of their common purpose. *Brooks v. State*, 580 S.W.2d 825, 831 (Tex. Crim. App. 1979).

### b. Spencer Sweeden's Testimony

To prove Aggravated Robbery with a Deadly Weapon, the State had to prove beyond a reasonable doubt that Appellant individually and acting together with Eddie James Dean, Jr., did then and there while in the course of committing theft and with intent to obtain and maintain control of said property, intentionally or knowingly threaten or place Spencer Sweeden in fear of imminent bodily injury or death, and did then and there use or exhibit a shotgun. TEX. PEN. CODE Sec. 29.03(a)(2) (Vernon 2014). Spencer's testimony alone was enough evidence for a rational juror to find Appellant guilty beyond a reasonable doubt of Aggravated Robbery. While being attacked on cross-examination, having his credibility challenged, and accused of initiating the incident, Spencer's response would be enough for any rational juror to convict the Appellant of this crime – "Okay, I understand that. But why would they take my things." RR Vol.3.p.46.

18

### c. Commerce Police Officer Testimony

Commerce Police Officers testified that Spencer was still shaken up about the robbery when they met with him. As Sgt. Cantera summarized their decision that night to arrest the Appellant for aggravated robbery, "he had all the matching descriptors involved and the victim's possessions in his possession." RR Vol.3.p.112.

The evidence in this case is legally sufficient to prove Appellant guilty of the offense as charged; therefore, his conviction should be affirmed.

## PRAYER

**Appellant's trial was without prejudicial error. The State prays that Appellant's conviction and sentence be affirmed.**

**Respectfully submitted,**

NOBLE DAN WALKER, JR.
**District Attorney**
**Hunt County, Texas**

G CALVIN GROGAN V
**Assistant District Attorney**
**P. O. Box 441**

19

4th Floor, Hunt County
Courthouse
Greenville, TX 75403
State Bar No. 24050695
(903) 408-4180
FAX (903) 408-4296
cgrogan@huntcounty.net

## CERTIFICATE OF COMPLIANCE WITH T.R.A.P. 9.4(i)(3)

Relying on Microsoft Word's word count feature used to create the State's Reply Brief, I certify that the number of words contained in this brief is 3,766 and the typeface used is 14Font.

_____
**G CALVIN GROGAN V**
Assistant District Attorney

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been mailed via first-class mail to Jessica Edwards, Appellant's attorney of record, today, December 4, 2015, pursuant to Texas Rules of Appellate Procedure.

_____
**G CALVIN GROGAN V**
Assistant District Attorney